Jon G. Shadinger Jr, Esq.
Shadinger Law, LLC
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENNIS MAURER, an Individual, | : |
| Plaintiff, | : |
| vs. | : |
| DELTONA DISCOUNT TIRES, INC., a New Jersey Profit Corporation, | : Case No. 1:19-cv-20445 |
| and | : |
| LEROY S. CARDILE, an Individual, | : |
| Defendants. | : |

**COMPLAINT**

Plaintiff, DENNIS MAURER, an individual, on his behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendants, DELTONA DISCOUNT TIRES, INC., a New Jersey Profit Corporation and LEROY S. CARDILE, an Individual, (hereinafter, collectively, sometimes referred to as "Defendants") for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181,** *et seq.*

1. Plaintiff, DENNIS MAURER, is an individual residing at 8 Prospect Avenue, Egg Harbor Township, New Jersey 08234, in the County of Atlantic.

2. Defendant, DELTONA DISCOUNT TIRES, INC., owns or operates a place of public accommodation located at the subject property alleged by the Plaintiff to be operating in violation of Title III of the ADA.

3. Defendant, LEROY S. CARDILE, holds title to the subject property alleged by the Plaintiff to be operating in violation of Title III of the ADA.

4. Defendants' property, also known as Deltona Tire (hereinafter sometimes referred to as "Deltona"), is located at 6700 Black Horse Pike, Egg Harbor Township, New Jersey 08234, in the County of Atlantic ("Subject Property").

5. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

7. Plaintiff, DENNIS MAURER, is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff has multiple sclerosis, is mobility impaired and requires the use of a wheelchair to ambulate.

8. Mr. Maurer has visited the property that forms the basis of this lawsuit on numerous occasions, with the last such visit occurring in September 2019. Defendant plans to return to the

subject property in the near future to avail himself of the goods and services offered to the public at the property.

9. Mr. Maurer has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

10. Defendant, DELTONA DISCOUNT TIRES, INC., owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Deltona Tire, and is located at 6700 Black Horse Pike, Egg Harbor Township, New Jersey 08234.

11. Defendant, LEROY S. CARDILE, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Deltona Tire, and is located at 6700 Black Horse Pike, Egg Harbor Township, New Jersey 08234.

12. Mr. Maurer has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 15 of this complaint.

13. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Deltona Tire, not only to avail himself of the goods and services available at the property but to assure himself that this property is in full compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

14. The Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

15. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Defendants' property has shown that violations of the ADA exist. The following are violations that DENNIS MAURER has personally encountered or observed during his visits to the Subject Property:

**Parking and Exterior Accessible Route**

a. Deltona Tire fails to provide accessible parking. Parking spaces that are provided are not maintained, lack access aisles, contain slopes beyond allowable limits and lack compliant accessible routes from parking, violating Sections 402 and 502 of the 2010 Standards for Accessible Design. During his numerous visits, Mr. Maurer has been forced to "double-park" to ensure access to his van.

b. Parking provided by Deltona Tire fails to lead to a ramp or curb ramp, violating Sections 402, 405 and 406 of the 2010 Standards for Accessible Design. Mr. Maurer needs assistance in order to access the entrance.

c. Parking provided at Deltona Tire fails to provide a safe accessible route from the parking area to the entrance, violating Section 502 of the 2010 Standards for Accessible Design. Mr. Maurer is forced to travel through slopes and changes of level to reach the entrance; presenting him with the danger of tipping and damaging his wheelchair.

d. The exterior accessible route at Deltona Tire contains cross slopes, abrupt changes of level and a lack of accessible options; violating Sections 402 and 403.4 of the 2010 Standards for Accessible Design. As previously noted, these conditions present a danger to Mr. Maurer.

e.	Deltona Tire fails to provide an accessible route to the adjacent street, sidewalk or bus stop, violating Section 206.2.1 of the 2010 Standards for Accessible Design.  The lack of an accessible route to the sidewalk limits Mr. Maurer's options for transportation when retrieving his vehicle.

**Access to Goods and Services**

f.	Deltona Tire fails to provide a lowered counter for accessible use, violating Section 904 of the 2010 Standards for Accessible Design.  The counters are inaccessible to Mr. Maurer and he is faced with embarrassment when repeatedly requesting assistance.

g.	While entering areas at Deltona Tire, Mr. Maurer is impeded by an inaccessible entrance and a lack of maneuvering clearance at the door, violating section 404 of the 2010 Standards for Accessible Design.  Due to the presence of this barrier Mr. Maurer cannot enter freely and safely without assistance.

**Restrooms**

h.	The restroom at Deltona Tire provides restroom doors with improper signage and lack of latch-side clearance which impedes Mr. Maurer's use of the facilities and violates Section 404 of the 2010 Standards for Accessible Design.

i.	Deltona Tire provides restrooms which lack all essential accessible elements. The restroom provided contains water closets that lack proper grab bars, a lack of maneuvering clearance dispensers which are mounted out of reach and improper water closets. The preceding barriers violate Section 604 of the 2010 Standards for Accessible Design.  Mr. Maurer is impeded in the restroom due to a lack of accessible elements.

16.	Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

17.	The discriminatory violations described in paragraph 15 are not an exhaustive list of the ADA violations that exist at Defendants' property but are the result of a preliminary inspection.

Plaintiff requires thorough inspection of the Defendants' place of public accommodation in order to photograph and measure the architectural barriers which exist at the subject property and violate the ADA. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

18. Defendants have discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and the Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

20. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

23. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Deltona Tire and make the subject property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the subject property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION
*(N.J.S.A. 10:5-12)*

24. Plaintiff re-alleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

25. Defendants' facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (New Jersey Law Against Discrimination).

26. New Jersey law provides that all persons shall have the opportunity to obtain all the

accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4.)

27. As set forth above, Defendants have violated the New Jersey Law Against Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities, services and accommodations available at the subject property.

28. As a result of the aforementioned discrimination, Plaintiff DENNIS MAURER has sustained emotional distress, mental anguish, suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff, DENNIS MAURER respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully submitted,

Dated: November 18, 2019

/s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID No.036232017
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com
*Attorney for Plaintiff, Dennis Maurer*